IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

DONALD FOSTER,                          §
                                        §
        Petitioner,                     §
                                        §
V.                                      §        CIVIL ACTION NO. H-12-0568
                                        §
RICK THALER, DIRECTOR, TEXAS            §
DEPARTMENT OF CRIMINAL                  §
JUSTICE, CORRECTIONAL                   §
INSTITUTIONS  DIVISION,                 §
                                        §
        Respondent.                     §

## MEMORANDUM AND RECOMMENDATION GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

Before the Magistrate Judge in this proceeding brought pursuant to 28 U.S.C. § 2254 is Respondent's Motion for Summary Judgment (Document No. 10) and against Petitioner's Federal Application for Writ of Habeas Corpus (Document No. 1).  Having considered the motion, the claims, as raised by Petitioner in his § 2254 Application for Writ of Habeas Corpus (Document No. 1) and Petitioner's amendment thereto (Document No. 9-1 and 9-2), the summary judgment evidence, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Respondent's Motion for Summary Judgment (Document No. 10) be GRANTED and that Petitioner's Federal Application for Writ of Habeas Corpus (Document No. 1) be DENIED and DISMISSED WITH PREJUDICE.

I.      **Introduction and Procedural History**

Donald Foster ("Foster") is currently incarcerated in the Texas Department of Criminal

Justice, Correctional Institutions Division ("TDCJ-CID"), as a result of 2001 felony convictions for assault and retaliation, cause nos. B-010251-R, B-010248-R and B-990494-R, for which he was sentenced to twenty-five years incarceration on each offense.  Foster is not challenging the validity of any of those convictions, and therefore the procedural history associated with those convictions is not relevant to this proceeding.

In this proceeding, Foster is challenging the validity of a prison disciplinary proceeding, disciplinary case no. 20110372899, in which he was charged with and found guilty of engaging in a fight without a weapon that resulted in injuries requiring treatment beyond first aid.  Foster was assessed, as punishment for the disciplinary offense: 1) a loss of 45 days of good conduct time; 2) 30 days of cell, recreation and commissary restriction; and 3) 15 days of solitary confinement.  Foster filed both a step one and a step two grievance, appealing the result of the disciplinary proceeding. The step one grievance, filed on September 11, 2011, was denied on October 5, 2011.  The step two grievance, filed on October 9, 2011, was denied on November 16, 2011.  This § 2254 proceeding, filed by Foster on or about February 22, 2012,  the date the  § 2254 application was signed by Foster, followed.

Respondent has filed a Motion for Summary Judgment (Document No. 10), to which Foster has filed a  response in opposition (Document No. 20).  This § 2254  proceeding is ripe for ruling.

II.    **Claims**

Foster alleges in this proceeding that his due process rights were violated during and in relation to prison disciplinary proceeding no. 20110372899 because:

1.    there was no evidence of any injury to the other inmate involved in the fight;

2

2.     the notice of the charges was inadequate;

3.     He was acting out of necessity and in self-defense; and

4.     the hearing officer was biased.

Respondent argues in his Motion for Summary Judgment that Foster has not exhausted his state law remedies with respect to claims 2 or 4 because he did not include them in both his step one and step two grievances.  In addition, Respondent argues that Foster received all the process he was due in connection with disciplinary case no. 20110372899, that the evidence supporting the guilty finding was sufficient, and that the Texas Department of Criminal Justice's Disciplinary Rules do not, and need not, take into consideration the type of defenses provided for in criminal cases.


## III.  <u>Discussion – Exhaustion</u>

Respondent first argues, in the Motion for Summary Judgment, that Foster has not exhausted his state law remedies with respect to claim two or claim four.  With respect to claim two, that he received insufficient notice of the charges, Respondent maintains that such a claim was not included in either Foster's step one or step two grievances.  As for claim four, that the hearing officer was biased, Respondent argues that such a claim was not included in both the step one and step two grievances.

Federal habeas corpus petitioners are required to exhaust their available state law remedies. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993).  The exhaustion requirement exists whether the petitioner is challenging his conviction or a prison disciplinary action. *See Foley v. Cockrell*, 222 F.Supp.2d 826, 828 (N.D. Tex. 2002); *see also Gartrell v. Gaylor*, 981 F.2d 254, 258 n.3 (5th Cir. 1993); *Baxter v. Estelle*, 614 F.2d 1030, 1031-32 (5th Cir. 1980), *cert. denied*, 449 U.S. 1085 (1981).

3

An inmate who challenges a prison disciplinary proceeding must exhaust his state law remedies by following "the two-step prison grievance process." *Foley*, 222 F.Supp.2d at 828. Under this process, an inmate must file a "step one" grievance within fifteen days of the occurrence made the basis of the grievance. Then, the inmate has fifteen days from the date the step one grievance is denied to file a step two grievance. Upon completion of the two step grievance process, an inmate who is challenging a prison disciplinary proceeding is considered to have exhausted his state law remedies. *See Ex Parte Palomo*, 759 S.W.2d 671, 674 (Tex. Crim. App. 1988) (declining to entertain claims related to a prison disciplinary proceeding in a state habeas corpus proceeding, and determining that such claims are to be resolved within the administrative framework provided by the Texas Department of Corrections).

Where an inmate has not raised his claims in both a step one and a step two grievance, the claims are unexhausted. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004) (both steps of the grievance process must be completed). In addition, because only the only mechanism available for exhausting state law remedies vis-a-vis claims arising from a prison disciplinary proceeding is this two-step grievance process, an inmate's failure to avail himself of the process in a timely manner renders the unexhausted claims procedurally barred from review. *See generally Colemen v. Thompson*, 501 U.S. 722, 735 (1991); *see also e.g., Hunt v. Dretke*, 2005 WL 1613166 (N.D. Tex. 2005); *Spann v. Dretke*, 2005 WL 1406044 (N.D. Tex. 2005).

Here, the record shows that Foster filed both a step one and a step two grievance related to disciplinary case no. 20110372899. His first step one grievance was filed on September 11, 2011. In that step one grievance, Foster alleged that the hearing officer was biased, that the evidence supporting the guilty finding was insufficient, and that the punishment was excessive because it did

4

not take into account the time he spent in pre-hearing detention. (Document No. 11-1 at 3-4). On October 5, 2011, Foster's step one grievance was denied as follows: "Appeal of Major Disciplinary Case 20110372899 and documents was conducted. Issues you cite in your claim were also reviewed and no due process violation(s) was found. The evidence appears to support the charge and the punishment does not appear to be excessive; therefore, there is no valid reason to warrant overturning this case." *Id.* at 4. Thereafter, Foster filed a step two grievance, in which he alleged that his due process rights were violated because he had a valid defense of necessity/self-defense to the charged offense. (Document No. 11-1 at 5-6). The step two grievance was denied on November 16, 2011, as follows: "Major Disciplinary Case #20110372899 has been reviewed. The disciplinary charge was appropriate for the offense and the guilty verdict was supported by a preponderance of the evidence. All due process requirements were satisfied and the punishment assessed by the Disciplinary Hearing Officer was within agency guidelines. No further action is warranted at this time." *Id.* at 6.

Based on this record, only two of the claims raised herein (claims one and three) have been exhausted. Claim two was not raised by Foster in either his step one or step two grievance. Claim four was raised in step on grievance, but not the step two grievance. Because Foster cannot now, given the rules and time deadlines for the filing of grievances, exhaust his state law remedies by filing a subsequent grievances, claims two and four are unexhausted and procedurally barred from review. *See e.g., Turner v. Thaler*, 2010 WL 5188155 (S.D. Tex. 2010).

Moreover, even if claims two and four had been exhausted, Foster would not, for the reasons set forth below, be entitled to any relief on such claims in this § 2254 proceeding.

IV.   <u>Discussion</u> – Merits

In the context of a prison disciplinary proceeding, inmates are entitled to the following due process guarantees: (1) 24 hours written advance notice of the disciplinary charge(s); (2) a written statement of the factfinders as to the evidence relied on and the reason(s) for the disciplinary action taken; and (3) an opportunity to call witnesses and present documentary evidence in defense of the charges. *Wolff v. McDonnell*, 418 U.S. 539, 563-65 (1974).  In addition, federal due process requires that there be "some evidence to support the findings made in the disciplinary hearing." *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 456 (1985).  Such due process guarantees, however, are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Connor*, 515 U.S. 472, 485-86 (1995).  As a result, the due process requirements apply in the prison disciplinary context *only* when the punishment imposed affects the length of the inmate's sentence and/or represents an atypical and significant hardship on the inmate in relation to ordinary incidents of prison life. *See also Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059 (1996).

Here, because Foster lost 45 days of good conduct time in connection with disciplinary case no. 20110372899, and because Respondent admits Foster is eligible for mandatory supervision release, the discipline imposed on Foster in connection with disciplinary case no. 20110372899 had an arguable effect on Foster's sentence, and Foster was entitled to the due process guarantees set forth in *Wolff*.  *See Spicer v. Collins,* 9 F.Supp.2d 673, 685 (5th Cir. 1998); *Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000).  Nevertheless, the summary judgment evidence shows that Foster

was afforded the due process to which he was entitled under *Wolff* and that there was sufficient evidence to support the finding of guilt in disciplinary case no. 20110372899.

The uncontroverted summary judgment evidence in the record is that Foster was given 24 hours written notice of the disciplinary charge, and was also given a timely, sufficiently detailed, written description of the conduct upon which the disciplinary charge was based. *See* Disciplinary Hearing Records (Document No. 11-2) at 3 (date and time notified of offense: 08/31/2011, 0625; date and time of hearing: 09/7/11, 1054; Offense Description: "On the date and time listed above [08/28/11, 3:47 pm] and at B2-Dayroom Water Fountain, Offender: Foster, Donald, TDCJ-ID No. 01-038609, did engage in a fight without a weapon with offender Jon, Roy #626840, by punching at him with closed fists. Moreover, the fight resulted in injuries to offender Roy that required treatment beyond first aid."). Second, the summary judgment evidence shows Foster was provided with a written statement of the evidence relied upon in finding him guilty, *Id..* (officer's report, officer's testimony), and the reasons for the punishment he received, *Id.* ("to modify behavior through progressive discipline"). Third, the record shows that Foster was appointed a counsel substitute to assist him with the disciplinary hearing, and was given the opportunity to call witnesses and present documentary evidence. Document No. 11-2 at 11. Fourth and finally, the record contains substantial evidence, including Foster's admission that he participated in the fight, to support the guilty finding. Foster was, as such, afforded all the process he was due in connection with disciplinary case no. 20110372899.

As for Foster's more particular complaints, discussed below, that the evidence of his guilt was insufficient, that he received insufficient notice of the charges, that his participation in the fight was out of necessity and/or self-defense, and that the hearing officer was biased, each of these

complaints, in the context of the record, do not rise to the level of a federal due process violation.

### A.   Insufficient Evidence

"[W]here good time credits constitute a protected liberty interest, a decision to revoke such credits must be supported by some evidence." *Hill*, 472 U.S. at 457 (1985); *see also Hudson v. Johnson*, 242 F.3d 534, 536-537 (5th Cir. 2001) (holding that only some evidence is required to support findings made in a prison disciplinary proceeding). The some evidence standard is de minimus, and may be met with the information provided in a written incident report. *Hudson v. Johnson*, 242 F.3d 534, 536-537 (5th Cir. 2001).     Here, Foster maintains that there was no evidence of the injury sustained by the other inmate and, in particular, no evidence that the injuries required treatment "beyond first aid," as was alleged in the disciplinary offense report. Foster's claim is belied by the record. The record shows that the other offender had a "laceration and bruise under os." Document No. 11-2 at 7-8. In addition, in the offense report, signed by Officer B. Smith, it is stated that the fight resulted in injuries "that required treatment beyond first aid." Document No. 11-2 at 4. This evidence is sufficient to support the guilty finding in disciplinary case no. 20110372899.

### B.   Notice of Charges

Foster next contends, in claim two, that he was given insufficient notice of the disciplinary charge and that there was no date, time or specifics alleged. As set forth above, Foster was provided a sufficient description of the offense, with the date, time and location alleged. Document No. 11-2 at 3. This is all that is required under *Wolff*.

C.        **Necessity/Self-Defense**

In his next claim, Foster admits that he engaged in the fight, but states that he did so only out of necessity, and in self-defense.  Foster cites to the Texas Penal Code provisions for the defense of necessity and suggests that such a defense, as a matter of federal due process, should have been available to him in the disciplinary proceeding.

A prison disciplinary proceeding is not a criminal proceeding, and is not governed by "the full panoply of rights due a defendant" in a criminal proceeding. *Wolff*, 418 U.S. at 556.  That means that criminal charges and any defenses thereto have no relevance in a prison disciplinary proceeding. All that federal due process requires, as has been set forth above, is that the inmate be given adequate notice of the charges and a written statement of the evidence relied on and the reason(s) for the disciplinary action taken, be afforded opportunity to call witnesses and present documentary evidence in defense of the charges, and that there be "some evidence" to support the guilty finding. *See Gross v. Hedricks*, 20 F.3d 466,  1994 WL 121981 (5th Cir. 1994) (rejecting inmate's challenge to disciplinary proceeding on the basis of his evidence of self-defense where there was evidence that inmate was observed fighting); *see also Durden v. Quarterman*, 2008 WL 217717 * 9 (S.D. Tex. 2008) (finding of "no constitutional moment" inmate's claim that "he fought back only in self-defense" where there was some evidence that supported the hearing officer's finding that the inmate participated in a riot).

Here, whether Foster was acting in self-defense or not, there was some evidence in that Foster engaged in a fight with another inmate, without a weapon, and that the fight resulted in injuries that required treatment beyond first aid.  Document No. 11-2 at 3.  Such conduct constitutes a Level 1, 2.3 offense under the Texas Department of Criminal Justice Disciplinary Rules and Procedures,

9

which provides:

> 2.3  Fighting or assaulting an offender without a weapon that results in a serious injury.

Texas Department of Criminal Justice Disciplinary Rules and Procedures (Document No. 1-2) at 5. A serious injury is defined by those same rules as "any injury that requires treatment beyond first aid, as determined by unit medical staff." *Id.*

Here, there is evidence in the record from the charging officer that he saw Foster fighting in the day room with offender Jon Roy.  Document No. 11-2 at 4.  There is also evidence in the record, in the form of Foster's own statement, that he pushed and punched offender Jon Roy.  Document No. 11-2 at 3.  Finally, there is evidence in the record that offender Roy suffered bruising and a laceration that required medical treatment.   Document No. 11-2 at 8.   All this evidence, irrespective of Foster's claim that he was acting in self-defense and out of necessity, supports the hearing officer's determination of guilt.  As such, Foster's self-defense challenge to the disciplinary proceeding has no constitutional significance, and is subject to dismissal.

### D.     Hearing Officer Bias

In his final claim, Foster claims that the hearing officer was biased, and did not take into account, when assessing punishment, the time Foster spent in pre-hearing detention.

There is no evidence in the record to support this claim.  Foster does not allege any conduct on the part of the hearing officer that evidenced any bias.  In addition, Foster offers nothing to support his allegation that the hearing officer did not take into account the time Foster spent in pre-hearing detention.

## V.   **Conclusion and Recommendation**

Based on the foregoing, and the conclusion that Petitioner Donald Foster's claims are in part unexhausted and procedural barred from review, and that no relief is available in any event on the merits of any of his claims, the Magistrate Judge

RECOMMENDS that Respondent's Motion for Summary Judgment (Document No. 10) be GRANTED, and that Petitioner's Application and Amended Application for Writ of Habeas Corpus (Document Nos. 1, 9-1, 9-2) be DENIED and DISMISSED WITH PREJUDICE.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record.  Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas.  Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc).  Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996).  The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, thi20th day of September, 2012.

Frances H. Stacy
United States Magistrate Judge

11